UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 14, 2016

MEMORANDUM TO COUNSEL RE:     Joel I. Sher v. RBC Capital Markets, LLC
                              Civil Action No. GLR-11-1998

Dear Counsel:

Pending before the Court is Defendant's, RBC Capital Markets, LLC ("RBC"), Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 155). No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

On August 26, 2015, the Court issued an Order denying RBC's Motion for Summary Judgment, granting Plaintiff's, Joel I. Sher, Chapter 11 Trustee for Thornburg, Inc. (the "Trustee"), Cross Motion for Summary Judgment, and entering judgment in favor of the Trustee in the amount of $26,259,188 plus prejudgment interest at New York's statutory rate of 9% from August 14, 2007 though the date of judgment. (ECF No. 153). On September 22, 2015, RBC filed the present Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) (ECF No. 155), arguing the Court clearly erred in applying state law to determine the prejudgment interest award. The Trustee filed an Opposition on October 9, 2015 (ECF No. 157), and RBC submitted a Reply on October 26, 2015 (ECF No. 158).

The Court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Id. (citation omitted). Altering or amending a final judgment "is an extraordinary remedy which should be used sparingly." Id. (quoting 11 Wright et al., Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). Accordingly, a party may not use a Rule 59(e) motion "to raise arguments which could have been raised prior to the issuance of the judgment" or "to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id.

When a party argues that Rule 59(e) relief is necessary to correct a clear error of law or to prevent manifest injustice, mere disagreement with the Court's previous decision will not suffice. U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993)). Rather, to justify altering or amending a judgment on this basis, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated

dead fish.'" Fontell v. Hassett, 891 F.Supp.2d 739, 741 (D.Md. 2012) (alteration in original) (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009)). Hence, a "factually supported and legally justified" decision does not constitute clear error. See Hutchinson, 994 F.2d at 1081–82.

As a preliminary matter, the Trustee argues RBC's Rule 59(e) Motion is procedurally barred. First, RBC is precluded from using Rule 59(e) to challenge the prejudgment interest award because in its summary judgment briefs, RBC did not oppose the Trustee's request for prejudgment interest. In other words, RBC waived its right to contest the Court's prejudgment interest award. To be sure, "[a] motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." Pac. Ins. Co., 148 F.3d at 403 (citation omitted). At the summary judgment stage, however, RBC argued it is not liable for breaching the parties' Master Purchase Agreement and, therefore, the Trustee is not entitled to any damages. (See generally Def.'s Mem. Supp. Mot. Summ. J., ECF No. 131). Because prejudgment interest is an element of damages, RBC implicitly argued against an award of prejudgment interest. See Eden v. Amoco Oil Co., 741 F.Supp. 1192, 1196 (D.Md. 1990). What is more, the Trustee cites no authority for the proposition that a defendant must argue why the plaintiff is not entitled to every specific form of damages when the defendant contests all liability.

Second, the Trustee contends Rule 59(e) is only an appropriate vehicle to resolve prejudgment interest claims when a plaintiff wins a damage award and then, after judgment is entered, moves to add prejudgment interest to the award. According to the Trustee, only the plaintiff should be permitted to "wait to see" if the Court finds the defendant liable and awards damages. (Pl.'s Mem. Opp'n Def.'s Mot. Alter or Amend J. at 9, ECF No. 157). At least one court in the Fourth Circuit, however, has permitted a defendant to use a Rule 59(e) motion to challenge a prejudgment interest award. See Attard Indus., Inc. v. U.S. Fire Ins. Co., No. 1:10CV121 AJT/TRJ, 2010 WL 4670704, at *1, *4 (E.D.Va. Nov. 9, 2010). Furthermore, as a matter of equity, it would be unfair to permit a plaintiff to wait to address prejudgment interest until after a final judgment, but prohibit a defendant from also doing so, especially when the defendant contests all liability. Accordingly, the Court rejects both of the Trustee's arguments and concludes RBC's Rule 59(e) Motion is not procedurally barred.

RBC argues the Court clearly erred when it applied state law to determine the prejudgment interest award because the law applicable to prejudgment interest depends upon the basis of jurisdiction, not the nature of the underlying claim. RBC asserts that because the Court's jurisdiction is based on federal bankruptcy statutes, not diversity of citizenship, the Court must apply federal law. RBC highlights that the Trustee originally filed this action in bankruptcy court, invoking jurisdiction based on 28 U.S.C. §§ 157 and 1334, not § 1332. (See Compl. ECF No. 8). After the Court granted RBC's Motion to Withdraw the Reference, the Trustee filed an Amended Complaint that also invoked bankruptcy jurisdiction. (See Am. Compl. ¶ 3, ECF No. 52).

RBC contends that under federal law, the Court must exercise its discretion in determining a prejudgment interest award. In exercising this discretion, RBC argues the Court should decline to apply New York's 9% prejudgment interest rate for three reasons: (1) it is

excessive and unreasonable in light of market rates prevailing over the prejudgment period; (2) it is substantially in excess of what the Trustee earned on its capital prior to the bankruptcy petition; and (3) it is orders of magnitude greater than what the Trustee has lawfully been permitted to earn managing the estate's cash, consistent with limitations imposed by the United States Bankruptcy Code.

RBC also maintains 9% interest wrongfully punishes RBC and creates an unwarranted windfall for the Trustee, emphasizing that the prejudgment interest totals $18,997,212.87—72% of the compensatory damages award. To fairly compensate the Trustee for the use of its capital, RBC asserts the Court should award 1.15% interest for the period from the date of default to the date of bankruptcy petition and 1% interest for the remaining prejudgment period.

Here, when awarding prejudgment interest at New York's statutory rate, the Court cited Marine Midland Bank v. Kilbane, 573 F.Supp. 469, 471 (D.Md. 1983). In Marine Midland, this Court explained that under Klaxon v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941), district courts sitting in diversity must apply the choice of law rules of the forum state. Marine Midland, 573 F.Supp. at 470, 471. Because Maryland's choice of law rules provide that courts will honor choice of law provisions in contracts and the guaranty between the parties provided that it "shall be construed under the laws of New York state," this Court applied New York law to the issue of prejudgment interest. Id.

By relying on Marine Midland, the Court implicitly concluded that it had diversity jurisdiction over this matter. This conclusion, however, was erroneous because the Trustee never pled complete diversity of citizenship or invoked 28 U.S.C. § 1332. Nevertheless, the Trustees argue, this error was "harmless" because even in the absence of diversity jurisdiction, In re Merritt Dredging Co., Inc. ("Merrit Dredging"), 839 F.2d 203 (4th Cir. 1988) justifies the Court's application of New York law. The Court agrees.

In Merrit Dredging, the Court held that when dealing with bankruptcy cases, a district court should apply the conflict of law rules of the forum to resolve issues of state law. Id. at 205–06. This case began as a bankruptcy proceeding and prejudgment interest is an issue of state substantive law. See In re Vulcan Materials Co., 674 F.Supp.2d 756, 772 (E.D.Va. 2009) (explaining that prejudgment interest is an issue of state substantive law), aff'd sub nom. Vulcan Materials Co. v. Massiah, 645 F.3d 249 (4th Cir. 2011); see also In re Exxon Valdez, 484 F.3d 1098, 1102 (9th Cir. 2007) (explaining that the "usual rule" is "that prejudgment interest is an aspect of the substantive state law claim"). Accordingly, the Court concludes it did not clearly err when it applied New York's prejudgment interest rate because Merrit Dredging justifies the Court's decision. See Hutchinson, 994 F.2d at 1081–82 (explaining that a "legally justified" decision does not constitute clear error).

Although it is not a Fourth Circuit case, Maternally Yours v. Your Maternity Shop, 234 F.2d 538 (2d Cir. 1956) also justifies the Court's decision. The Second Circuit explicitly stated that "it is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law." Id. at 540 n.1. As such, "the Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law." Id. In Klaxon, the Supreme Court extended the Erie doctrine to choice of

3

law rules.  313 U.S. at 496.  Thus, notwithstanding that the Court's jurisdiction over this case is based on federal bankruptcy statutes, under both Merritt Dredging and Maternally Yours, Maryland's choice of law rules apply because prejudgment interest has its source in state law. See Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010) ("[P]rejudgment interest is a matter of substantive law[.]"); In re Vulcan Materials Co., 674 F.Supp.2d at 772.

RBC further argues the Court clearly erred in applying New York's prejudgment interest rate because 9% interest is unconstitutional as applied to this case.  RBC asserts 9% interest is so disproportionate to the rate Thornburg earned on its investments prior to filing for bankruptcy and the rate the Trustee has earned managing the estate's cash that it violates due process.  RBC also maintains 9% prejudgment interest violates due process because it bears no rational relationship to the purpose of the statute.  Federal district courts in New York have consistently concluded that New York's 9% prejudgment interest rate does not violate due process.  See, e.g., Newman v. Novartis Pharm. Corp., 50 F.Supp.3d 394, 397 (E.D.N.Y. 2014) ("Despite the Defendant's claims to the contrary, there is nothing unconstitutional about New York state's imposition of a nine percent prejudgment interest rate."); Citibank, N.A. v. Barclays Bank, PLC, 28 F.Supp.3d 174, 183 (S.D.N.Y. 2013) ("The New York statute providing for 9% prejudgment interest is not a violation of due process.").  Thus, the Court further concludes it did not clearly err in applying New York's prejudgment interest rate.

For the foregoing reasons, RBC's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) (ECF No. 155) is DENIED.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court and the Clerk is directed to docket it accordingly.

    Very truly yours,

    /s/
    _____
    George L. Russell, III
    United States District Judge